KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Rory Mara,  )  No. CV 12-48-PHX-DGC (ECV)
  )
    Plaintiff,  )  **ORDER**
vs.  )
  )
Corrections Corporation of America, et al., )
  )
    Defendants.  )
  )

    Plaintiff Rory Mara, who is confined in the Corrections Corporation of America-Saguaro Correctional Center, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an incomplete Application to Proceed *In Forma Pauperis*. In a January 31, 2012 Order, the Court denied the Application to Proceed with leave to re-file.

    On January 19, 2012, Plaintiff filed a Motion for Appointment of Counsel (Doc. 4). On February 22, 2012, Plaintiff filed a new, deficient Application to Proceed (Doc. 6). In an April 10, 2012 Order, the Court denied the Motion for Appointment of Counsel, denied the new Application to Proceed, and gave Plaintiff 30 days to pay the filing fee or file a complete Application to Proceed.

    On April 17, 2012, Plaintiff filed a new Motion for Appointment of Counsel (Doc. 8). On May 9, 2012, Plaintiff filed a third, deficient, Application to Proceed *In Forma Pauperis* (Doc. 9).

    In both the January 31, 2012 and April 10, 2012 Orders, the Court explained that pursuant 28 U.S.C. § 1915(a)(2), Plaintiff's Application to Proceed *In Forma Pauperis* must

include a certified trust account statement for the six months preceding the filing of the Complaint.

Plaintiff's third Application to Proceed does not include a certified six-month trust account statement. In this case, the Court has twice provided Plaintiff with instructions for filing a proper Application to Proceed *In Forma Pauperis*. Plaintiff has also filed thirteen other lawsuits with this Court, each with at least one deficient Application to Proceed *In Forma Pauperis*. In each of those cases, the Court has also provided Plaintiff with instructions for filing an Application to Proceed *In Forma Pauperis*. Plaintiff has received 26 Orders from this Court with instructions for complying with the *in forma pauperis* statute. Plaintiff appears unwilling or unable to do so.

Plaintiff was also explicitly warned in each of the Court's Orders that failure to comply with a Court order would result in dismissal of the action. The Court will dismiss this action, without prejudice, for failure to comply with a Court order. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992). The Court will deny as moot the Motion for Appointment of Counsel.

**IT IS ORDERED:**

(1) Plaintiff's May 9, 2012 Application to Proceed *In Forma Pauperis* (Doc. 9) is **denied**.

(2) This action is **dismissed without prejudice** for failure to comply with a Court order. The Clerk of Court must close the case and enter judgment.

(3) Plaintiff's April 17, 2012 Motion for Appointment of Counsel (Doc. 8) is **denied** as moot.

DATED this 1st day of June, 2012.

David G. Campbell
United States District Judge

- 2 -